IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re WORKCENTRIC LLC, | : | Chapter 7 |
| | : | |
| Alleged Debtor. | : | Case No. 24-10040 (MFW) |
| | : | |
| WC TOPCO LLC, | : | |
| | : | |
| Appellant, | : | Civ. No. 24-485 (CFC) |
| v. | : | |
| | : | |
| WORKCENTRIC 1, LLC and SUNZ INSURANCE SOLUTIONS, LLC, | : | |
| | : | |
| Appellees. | : | |

## **MEMORANDUM**

At Wilmington on this Twenty-sixth day of July in 2024:

Before the Court is the (1) Joint Motion to Strike Unauthorized Appeal (D.I. 5) ("Motion to Strike") filed by appellees Sunz Insurance Solutions, LLC ("Sunz") and WorkCentric 1, LLC ("Manager"), in its role as sole manager for both the above-captioned alleged debtor WorkCentric, LLC ("Alleged Debtor") and its parent WC TopCo LLC ("WC Topco"); and (2) Cross-Motion to Stay Appeal (D.I. 8) ("Motion to Stay Appeal") filed by WC TopCo. WC TopCo has filed a Notice of Appeal (D.I. 1) (the "Appeal") with respect to the Bankruptcy Court's Order, dated April 1, 2024, which concluded that, "for the reasons stated by the Court on the record of the Hearing" held on March 26, 2024,[1] "[Manager] is authorized to

---

[1] D.I. 5-4 ("3/26/24 Tr.") at 82:20–86:3.

1

act as the manager of the Alleged Debtor for all purposes in this bankruptcy case." Bankr. D.I. 107 at 2.[2]

The Motions are fully briefed. D.I. 1, 5, 8, 13, 14, 17. No party requested oral argument. The Court has jurisdiction over this appeal pursuant to 28 U.S.C. § 158(a)(1).

**Background**

1. The Alleged Debtor and its affiliates Embraceor, LLC, WorkCentric 2, LLC, and WorkCentric 3, LLC (collectively, "WorkCentric Entities") contracted with Sunz to obtain workers' compensation insurance to and for the benefit of WorkCentric Entities. D.I. 5-2 ¶ 15.

2. A few years into the relationship, the WorkCentric Entities defaulted on their obligations to pay the amounts due to Sunz. Sunz and the WorkCentric Entities developed a plan intended to protect and continue coverage for the workers. *See id.* at ¶ 25. Rather than permit the insurance policies to be cancelled, Sunz agreed to a forbearance in early October 2023 (the "Forbearance Agreement"). *See id.*

3. As part of this forbearance, Sunz required a pledge agreement ("Pledge Agreement"), which included a pledge of all of the interests in the WorkCentric Entities and WC TopCo to Sunz and the right for Sunz to vote all

---

[2] The docket of the chapter 7 case, captioned *In re WorkCentric LLC*, No. 24-10040 (MFW) (Bankr. D. Del.), is cited herein as "Bankr. D.I. __."

2

interests in the WorkCentric Entities and WC TopCo at any time during a continued uncured default. *Id.* & Ex. K. In accordance with the Pledge Agreement, original certificated membership interests in certain of the WorkCentric Entities, including the 100% membership interest in WorkCentric LLC and WC TopCo, were delivered to Sunz. *See* D.I. 5-1, Ex. 2, Sch. A.

4.  On October 11, 2023, the WorkCentric Entities and WC TopCo ("Obligors") executed a Forbearance Agreement. *See* D.I. 5-2 ¶ 26 & Ex. L. Sunz recorded its UCC-1s with the Delaware Division of Corporations on October 18, 2023. *See id.* Ex. M.

5.  After multiple violations of the Forbearance Agreement and the Pledge Agreement by the Obligors, on or about October 18, 2023, Sunz served the WorkCentric Entities and other affiliated entities and persons with a notice of a default ("October 2023 Default Notice") under the Forbearance Agreement. *See id.* ¶ 29 & Ex. N. On November 18, 2023, when the Alleged Debtor did not cure all defaults under the Forbearance Agreement, Sunz purported to exercise its rights under the Pledge Agreement to appoint Manager as the manager of the WorkCentric Entities, WC TopCo, LLC, and WC Container, LLC. Specifically, by that certain Joint Unanimous Written Consent of Sunz Insurance Solutions, LLC, as Secured Party (the "Unanimous Consent"), Sunz, in possession of certificated membership interests in, among other entities, the Alleged Debtor and WC TopCo, removed the manager of the Alleged Debtor and WC TopCo and

3

appointed the Manager, acting through Christopher O'Connor, to serve as manager of the Alleged Debtor and WC TopCo effective as of November 18, 2023. *See id.* ¶ 2 & Ex. A.

6. On the same date (November 18, 2023), prior counsel for the WorkCentric Entities—Holland & Knight ("H&K")—was terminated. *See* D.I. 5-1 ¶ 6 & Ex. 3.

7. On January 13, 2024, an involuntary Chapter 7 bankruptcy petition (Bankr. D.I. 1) ("Involuntary Petition") was filed by a single alleged creditor, Pipe Technologies Inc., commencing the Alleged Debtor's underlying involuntary bankruptcy case.

8. On February 7, 2024, the Manager filed a motion to dismiss the Involuntary Petition. Bankr. D.I. 16 ("Manager's Motion to Dismiss"). The docket reflects that discovery relating to the Manager's Motion to Dismiss is ongoing, and the Bankruptcy Court has entered a Scheduling Order setting deadlines for an evidentiary hearing. Bankr. D.I. 126. The Scheduling Order also designates the matter for pre-hearing mediation, which is scheduled to take place the week of August 19, 2024, subject to the mediator's availability. *Id.* ¶¶ 4, 6.

9. The Alleged Debtor's Former Managers, through H&K, also filed a motion to dismiss the Involuntary Petition. Bankr. D.I. 17. In response, the Manager filed an emergency motion to strike the Former Managers' motion as an

4

unauthorized pleading. Bankr. D.I. 34. The Former Managers filed two objections to the motion to strike. Bankr. D.I. 40, 84.

10. Central to the issues noticed for appeal and the Motions pending before this Court, the Former Managers dispute their removal and discharge. The Former Managers argue that, in order for Sunz to have exercised its remedies—including its rights as members of the borrowers to replace the Former Managers—Sunz was required to first foreclose upon the members' interest. *See* 3/26/24 Tr. at 72:16–73:13. The Former Managers argue that Sunz failed to take this step and that the Former Managers therefore remain solely authorized to act for the Alleged Debtor.

11. On February 27, 2024, the Bankruptcy Court held a status conference, at which all parties agreed that the issue of who had authority to represent Alleged Debtor was an essential gating issue that must be resolved first. The parties agreed to a briefing schedule and that live testimony and extensive evidence would not be necessary. *See* Bankr. D.I. 72, 11:1–2; 16–19; 12:9–10, 22–23; 13, 7–8; 17:8–20:19. The Former Managers' counsel stated, "this can be done on the papers," *id.* at 17:9, and "I think this can be done in an [h]our or two," *id.* at 20:3.

12. At the conclusion of a hearing on the Motion to Strike held on March 26, 2024, the Bankruptcy Court overruled the Former Managers' objections and found that Manager is the sole party properly authorized to act on behalf of the Alleged Debtor for all purposes in the bankruptcy case. 3/26/24 Tr. at 82:20–86:3.

On April 1, 2024, the Bankruptcy Court issued the Order granting the Motion to Strike, overruling the objections and striking the Former Management's motion to dismiss as unauthorized for the reasons set forth on the record.

13. The Former Managers did not appeal the Order. On April 16, 2024, WC TopCo, the Alleged Debtor's parent, appealed the Order through counsel Quinn Emanuel Urquhart & Sullivan, LLP. *See* D.I. 1. The Statement of Issues on Appeal lists the following three issues:

> 1. Whether the Bankruptcy Court erred granting the Emergency Motion of WorkCentric 1, LLC to Strike Motion to Dismiss Involuntary Petition Filed by Purported Alleged Debtor;
>
> 2. Whether the Bankruptcy Court erred when it concluded that WorkCentric 1, LLC was properly authorized to act for the Alleged Debtor in the Bankruptcy Case; and
>
> 3. Whether the Bankruptcy Court erred concluding that the asserted termination of a forbearance agreement between Sunz and the Alleged Debtor meant that Sunz had the power to, and in fact did, replace WC TopCo as manager of the Alleged Debtor without taking any further required steps.

*See* D.I. 4 ("Statement of Issues").

## Arguments

14. Appellees have filed their Motion to Strike the appeal as an unauthorized filing on the basis that the Manager is the sole party properly authorized to act on behalf of the Alleged Debtor and WC TopCo. The

6

Bankruptcy Court's Order—ruling that the Manager is the sole party properly authorized to act on behalf of the Alleged Debtor—has not been stayed, Appellees argue, and the Manager did not authorize the filing of any such appeal and did not authorize WC TopCo to engage Quinn Emanuel.

15. WC TopCo asserts that "the Order displaces WC TopCo as the manager of the Alleged Debtor in favor of Sunz Agent, ... only during the bankruptcy case," thus taking the curious position that there might be multiple managers of the Alleged Debtor for different purposes. D.I. 8 at 3; *id.* at 16 ("WC TopCo continues to manage the Alleged Debtor *for all purposes other than the bankruptcy case.*"). WC TopCo further argues that it may appeal the Order, despite not having raised below any of the issues it has designated for appeal nor any other objections, based on manifest injustice. *See id.* at 15-16. WC TopCo's Motion to Stay seeks a stay of all matters in the appeal, including the Motion to Strike, pending the Bankruptcy Court's ruling on the Manager's Motion to Dismiss the Involuntary Petition (and any appeals therefrom). D.I. 8 at 4. WC TopCo argues that a ruling by the Bankruptcy Court either way may render its appeal moot.

**Discussion**

16. The primary argument advanced in Appellees' Motion to Strike is that this unauthorized Appeal must be stricken as an *ultra vires* act. (D.I. 5 at 11-14). Appellees assert:

7

> [T]he Manager has been, since its appointment on November 18, 2023, and remains, the only entity permitted to act on behalf of WC TopCo, and the Alleged Debtor ... Likewise, as the authorized manager of WC TopCo, Manager had the *sole* authority to authorize the engagement of Quinn Emanual to represent WC TopCo and to authorize the filing of any document, including the Unauthorized Appeal. Manager did not authorize the filing of any documents with this Court and Manager did not authorize the retention of Quinn Emanuel. Consequently, the Unauthorized Appeal is an *ultra vires* act and must be stricken.

D.I. 5 at 13 (emphasis in the original).

17. The Motion to Strike therefore turns on the same issues presented by the appeal: whether the Bankruptcy Court properly concluded that Sunz had the power to, and in fact did, replace WC TopCo as manager of the Alleged Debtor (and, by the same token, did replace managers of WC TopCo), such that (2) the Manager is solely authorized to act for the Alleged Debtor (and WC TopCo). *See* D.I. 4 ("Statement of Issues"). To rule on the Motion to Strike would be to rule on the merits of the appeal. The Court declines to do so in this procedural context, without the benefit of merits briefing. The Motion to Strike will therefore be denied.

18. There is no occasion, however, for merits briefing of these issues as they are not susceptible to review. WC TopCo concedes that it never objected to the Motion to Strike and never raised the challenges listed in its Statement of Issues in the Bankruptcy Court. *See* D.I. 8 at 15. "It is axiomatic that a party who

8

fails to object to errors or to raise issues at trial waives the right to complain on appeal." *Fleck v. KDI Sylvan Pools, Inc.*, 981 F.2d 107, 116 (3d Cir. 1992); *see also Waldorf v. Shuta*, 142 F.3d 601, 629 (3d Cir. 1998) ("a party who fails to object to errors at trial waives the right to complain about them following trial"). Moreover, an issue or argument that was not raised before the Bankruptcy Court is "deemed to be waived and consequently [is] not susceptible to review in [the District Court] absent exceptional circumstances." *Eid v. Thompson*, 740 F.3d 118, 135 (3d Cir. 2014) (quoting *In re Diet Drugs*, 706 F.3d 217, 226 (3d Cir. 2013); *see also In re Energy Future Holdings Corp.*, 585 B.R. 341, 355-56 (D. Del. 2018) ("Appellant failed to [raise argument before Bankruptcy Court]. Accordingly, Appellant waived its argument. It cannot now seek the benefit of an argument it failed to raise below."). Further, a party must properly present the issue to be preserved on appeal by making a clear objection. *See, e.g., In re Managed Storage Int'l, Inc.*, 2020 WL 1532390, at *6-7 (D. Del. March 31, 2020) (appellants waived argument because they failed to make an objection in the Bankruptcy Court).

19.     That it raised none of these issues below is not dispositive of its appeal, WC TopCo argues, because the Former Managers, on behalf of the Alleged Debtor, objected "under the direction of WC TopCo." D.I. 8 at 15. WC TopCo cites no authority to support its contention that its appeal of issues not raised in the proceedings below should be heard by this Court. *Id.* at 16. WC TopCo argues

9

instead that exceptional circumstances may excuse waiver and should do so here. *See id.* (citing *In re Diet Drugs*, 706 F.3d at 226 (arguments asserted for the first time on appeal are not susceptible to review "absent exceptional circumstances") "Here," WC TopCo argues, "it would be manifestly unjust to prevent any possible review of the Order solely because WC TopCo did not separately object even though it was directing the Alleged Debtor, and now the Alleged Debtor is disarmed from even appealing." D.I. 8 at 16.

20. The Former Managers had standing to appeal, but did not. WC TopCo raised no arguments in the Bankruptcy Court. There is no "manifest injustice" in declining to excuse WC TopCo from the results of its strategic choices on appeal. *See In re Imerys Talc Am., Inc.*, 38 F.4th 361, 372-73 (3d Cir. 2022).

## Conclusion

21. Accordingly, the Motion to Strike is denied and the Appeal is dismissed. The Motion to Stay is denied as moot.

22. The Court will issue an Order consistent with this Memorandum.

_____
CHIEF JUDGE